UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GUSTAVO CORRALES CASTILLO, et al.,<br><br>Petitioners,<br><br>v.<br><br>CAMMILLA WAMSLEY, et al.,<br><br>Respondents. | Case No. 2:25-cv-02172-TMC<br><br>ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS |

## I.    INTRODUCTION

Petitioners are individuals who entered the United States without inspection years ago, were apprehended by Department of Homeland Security officials in 2025, and are detained at the Northwest Immigration and Customs Enforcement Processing Center ("NWIPC") in Tacoma, Washington. Dkt. 1 ¶¶ 4–16. Each Petitioner requested release on bond and was denied by a Tacoma Immigration Judge ("IJ") on the basis that he or she was subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). Dkt. 3-3 at 2; Dkt. 3-6 at 2; Dkt. 3-9 at 2; Dkt. 3-13 at 2. Petitioner Rosa Padilla-Paz's bond request was denied based on the additional determination that she presents a flight risk and danger to the community. Dkt. 3-9 at 2. For each Petitioner except for Padilla-Paz, an IJ set an alternative bond amount: $15,000 for Petitioner Gustavo Corrales

Castillo, $7,500 for Petitioner Victor Cortes-Velador, and $10,000 for Petitioner Ruben Mondragon Vazquez. Dkt. 3-3 at 2; Dkt. 3-6 at 2–3; Dkt. 3-13 at 2.

On November 1, 2025, Petitioners filed a petition for writ of habeas corpus, arguing that their mandatory detention violated the Immigration and Nationality Act ("INA") because they were entitled to consideration for release on bond under 8 U.S.C. § 1226(a). Dkt. 1 ¶¶ 1–3, 31–35. The same day, they filed an *ex parte* motion for an order to show cause. Dkt. 2. On November 5, the Court issued an order directing Respondents to file a return and setting an expedited briefing schedule. Dkt. 8. On November 12, Respondents filed a return, and Petitioners replied the same day. Dkt. 9; Dkt. 12. The habeas petition is now ripe for the Court's review. For the reasons set forth below, the Court GRANTS the petition for writ of habeas corpus as to Corrales Castillo, Cortes-Velador, and Mondragon Vazquez ("Alternative Bond Petitioners"), and DENIES the petition as to Padilla-Paz.

## II.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by the preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## III.    DISCUSSION

### A.    The mandatory detention of the Alternative Bond Petitioners violates the INA.

On September 30, 2025, this Court granted summary judgment to members of a certified Bond Denial Class, entering final judgment and issuing the following declaratory relief:

> The Court declares that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration

Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act.

*Rodriguez Vazquez v. Bostock*, --- F. Supp. 3d ---, No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *27 (W.D. Wash. Sept. 30, 2025).

Petitioners argue that their mandatory detention under § 1225(b)(2) is unlawful because they are members of the Bond Denial Class. Dkt. 1 ¶¶ 31–35. While Respondents express their continued disagreement with the Court's order in *Rodriguez Vazquez*, they do not dispute that the Alternative Bond Petitioners are members of the Bond Denial Class for purposes of this matter. Dkt. 9 at 3–4.

For the same reasons that this Court granted Bond Denial Class members declaratory relief, the Court finds that the Alternative Bond Petitioners are detained under § 1226(a) and not subject to mandatory detention under § 1225(b)(2). *See Rodriguez Vazquez*, --- F. Supp. 3d ---, No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *27. The Alternative Bond Petitioners have thus shown they are "in custody in violation of the" INA. *See* 28 U.S.C. § 2241(c)(3).

The parties dispute the relief available to the Alternative Bond Petitioners. Petitioners argue that immediate, unconditional release is warranted because Respondents have failed to comply with the declaratory judgment in *Rodriguez Vazquez*. Dkt. 1 ¶ 18; Dkt. 2 at 3–6; Dkt. 12 at 1–2. Respondents assert that the appropriate relief for the Alternative Bond Petitioners is release upon payment of their alternative bond amounts. Dkt. 9 at 4.

"In modern habeas practice, courts often 'employ a conditional order of release,' which orders the government to release the petitioner unless it 'takes some remedial action' that corrects" the government's violation of the law. *Cardozo v. Bostock*, No. 2:25-CV-00871-TMC, 2025 WL 2592275, at *2 (W.D. Wash. Sept. 8, 2025) (quoting *Harvest v. Castro*, 531 F.3d 737, 741–42 (9th Cir. 2008)). After issuing a conditional writ, a district court retains jurisdiction to

ensure compliance with the writ and may order unconditional release if the government fails to comply with the initial habeas order. *Rose v. Guyer*, 961 F.3d 1238, 1246 (9th Cir. 2020).

The Court concludes that Petitioners' request for unconditional release is premature. The *Rodriguez Vazquez* declaratory judgment is not a prior habeas order with which Respondents have failed to comply. Section 1226 requires only consideration of release on bond, and conditional release that allows compliance by honoring the alternative bond amounts set by the IJs would correct Respondents' ongoing violation of the INA as to these Petitioners. *See* 8 U.S.C. § 1226(a). If Respondents fail to comply with this order, Petitioners may seek further relief from the Court at that time.

**B.    Padilla-Paz has not shown by a preponderance of the evidence that her detention is unlawful.**

Padilla-Paz does not ask the Court to order her release. Dkt. 1 ¶ 18; Dkt. 12 at 2–4. Instead, she asks the Court to "order that Respondents must consider her detained under § 1226(a) and that they may not deny her bond appeal or affirm the IJ order on the basis that § 1225(b)(2) detention applies to her." Dkt. 1 ¶ 20.

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Although Padilla-Paz is appealing the IJ's bond denial to the Board of Immigration Appeals, at this point, the IJ's determination that she presents a flight risk and danger to the community is a separate basis for the "legality of [her] custody." *See id.*; *see also* Dkt. 3-10 at 2. Although she challenges one basis of her confinement— mandatory detention under § 1225(b)(2)—she does not argue that "the fact or duration of h[er] confinement" violates any law. *See Preiser*, 411 U.S. at 489.

Padilla-Paz points to *I.N.S. v. St. Cyr*, a habeas appeal in which the Supreme Court held that amendments to the INA limiting the availability of discretionary relief from deportation did not apply retroactively to prevent a noncitizen who pled guilty to a deportable crime before the enactment of those amendments from seeking such relief. 533 U.S. 289, 292–93, 326 (2001). The Court clarified that its analysis was unaffected by the fact that the requested relief was discretionary because "[t]here is a clear difference, for the purposes of retroactivity analysis, between facing possible deportation and facing certain deportation." *Id.* at 325. Padilla-Paz argues that under *St. Cyr*, she may obtain habeas relief even if there exists another lawful basis for her detention. Dkt. 12 at 3–4. But that case is not analogous to the circumstances here. When the petitioner in *St. Cyr* prevailed on his habeas petition, it made discretionary relief available to him—"possible deportation" instead of "certain deportation." The posture of *St. Cyr* is like that of habeas petitions brought by *Rodriguez Vazquez* class members who have not yet had a bond hearing—habeas relief makes a bond hearing available even if it does not guarantee release from custody. Here, the IJ has already exercised his discretion during a bond hearing to determine that Padilla-Paz presents a flight risk or danger to the community. Dkt. 3-9 at 2. So long as the IJ's order remains in effect, she is certain to remain in lawful detention.

The relief that Padilla-Paz seeks essentially asks the Court to restate that the declaratory judgment in *Rodriguez Vazquez* applies to her if she overturns the other basis for her detention through her BIA appeal. But that ruling is already contained within the *Rodriguez Vazquez* order and judgment itself. Speculation that the BIA will ignore the existence of *Rodriguez Vazquez* entirely and thus decline to review the alternative basis for Padilla-Paz's detention is not sufficient grounds for what would essentially be advisory habeas relief. Because Padilla-Paz has not demonstrated by a preponderance of the evidence that her detention is unlawful, a writ of habeas corpus is not available relief at this time.

ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS - 5

## IV.    CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1. The petition for writ of habeas corpus (Dkt. 1) is GRANTED as to Petitioners Gustavo Corrales Castillo, Victor Cortes-Velador, and Ruben Mondragon Vazquez. The petition for writ of habeas corpus (Dkt. 1) is DENIED as to Petitioner Rosa Padilla-Paz.

2. Within ONE day of this Order, Respondents must do the following:

   a. Either release Petitioner Gustavo Corrales Castillo or allow his release upon payment of the alternative bond amount of $15,000 and any conditions set by Immigration and Customs Enforcement/the Department of Homeland Security.

   b. Either release Petitioner Victor Cortes-Velador or allow his release upon payment of the alternative bond amount of $7,500 and any conditions set by Immigration and Customs Enforcement/the Department of Homeland Security.

   c. Either release Petitioner Ruben Mondragon Vazquez or allow his release upon payment of the alternative bond amount of $10,000 and any conditions set by Immigration and Customs Enforcement/the Department of Homeland Security.

Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 17th day of November, 2025.

Tiffany M. Cartwright
United States District Judge